# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON J. BRESSI, | No. 4:17-CV-01742 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Saporito) |
| JEFFREY BRENNEN, et al., | |
| Defendants. | |

## ORDER

### SEPTEMBER 13, 2019

Aaron J. Bressi filed this 42 U.S.C. § 1983 complaint alleging that numerous Defendants violated his constitutional rights.[1] In 2018, Magistrate Judge Joseph F. Saporito, Jr., issued a Report and Recommendation recommending that this Court dismiss Bressi's complaint.[2] Magistrate Judge Saporito noted that three of Bressi's claims were barred by the statute of limitations, six were barred by the favorable termination rule, two failed to state a claim as a matter of law, and an excessive force claim was not supported by sufficient factual averments.[3] This Court adopted the recommendation and dismissed the complaint.[4] Given the nature of the procedural

---

[1] Doc. 1.
[2] Doc. 41.
[3] *Id.* at 11-29.
[4] Doc. 45.

bars to several of Bressi's claims, this Court "granted leave to amend *only* the excessive force claim that has dismissed without prejudice."[5]

Bressi duly filed his amended complaint in which he expanded upon his excessive force claim, but also reasserted several claims that the Court did not grant leave to amend.[6] As to the excessive force claim, Bressi asserted that, for no apparent reason, Officer Jeffrey Brennan "[w]rapped his hands around my neck from my right side, and slammed me up against the concre[]te cinder block wall . . ."[7] Because the amended complaint exceeded the scope of amendment permitted by the Court, Magistrate Judge Saporito struck all claims except the excessive force claim.[8]

In August 2019, Magistrate Judge Saporito issued a second Report and Recommendation recommending that this Court grant Defendants' motion to dismiss and dismiss Bressi's excessive force claim.[9] Specifically, Magistrate Judge Saporito concluded that Bressi's complaint asserts only a *de minimis* use of force, which is insufficient to support an excessive force claim.[10]

Bressi filed timely objections to the Report and Recommendation, asserting that portions of his amended complaint should not have been stricken, and

---

[5] *Id.*
[6] Doc. 46.
[7] *Id.* at 20-21.
[8] Doc. 70.
[9] Doc. 73.
[10] *Id.* at 7-9.

asserting—in conclusory fashion—that Brennan used excessive force.[11] "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[12] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[13]

Upon de novo review of Magistrate Judge Saporito's Report and Recommendation, the Court finds no error in the conclusion that Bressi has failed to state a claim for excessive force.[14] Moreover, because it is clear that amendment would be futile, that claim will be dismissed with prejudice.[15] The Court further finds no error in Magistrate Judge Saporito's earlier order striking portions of

---

[11] Doc. 75.
[12] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[13] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[14] The force that Brennen allegedly used may, at first blush, seem unreasonable—and may well constitute an assault. However, "the constitutional floor against excessive force is not consonant with common-law assault" and, thus, "even where a suspect does not actively resist, the use of force must cross the *constitutional* line." *Hanson v. Madison Cty. Det. Ctr.*, 736 F. App'x 521, 530 (6th Cir. 2018) (citing *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010); *Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979)). As the United States Supreme Court has explained, "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins*, 559 U.S. at 38 (quoting *Hudson v. McMillian,* 503 U.S. 1, 9 (1992)). Brennan's act—pushing Bressi into a wall without causing any apparent pain or injury—simply does not cross a constitutional threshold.
[15] Notably, Bressi has filed three complaints in this action, all of which suffer from the same defect. (*See* Docs. 1, 46, 57). Bressi's "repeated, ineffective attempts at amendment suggest that further amendment of the complaint would be futile." *Martin v. Duffy*, 858 F.3d 239, 247 (4th Cir. 2017).

Bressi's amended complaint that exceeded the scope of amendment authorized by this Court. Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Joseph F. Saporito, Jr.'s Report and Recommendation (Doc. 73) is **ADOPTED** in its entirety;

2. Defendants' motion to dismiss (Doc. 48) is **GRANTED** and Bressi's amended complaint is **DISMISSED** with prejudice; and

3. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge